1
2
3
4
5
6
7
8                    UNITED STATES DISTRICT COURT
9                    CENTRAL DISTRICT OF CALIFORNIA
10

| | |
|---|---|
| 11 HOMELAND HOUSEWARES, LLC, | Case No.  CV 12-1718 R (AJWx) |
| 12 　　　　　Plaintiff, | Assigned to Hon. Manuel L. Real |
| 13 　　　v. | Complaint Filed:  February 29, 2012 |
| 14 E. MISHAN & SONS, INC. d/b/a EMSON, | **PROTECTIVE ORDER GOVERNING USE AND DISSEMINATION OF CONFIDENTIAL INFORMATION** |
| 15 | |
| 16 　　　　　Defendant. | |
| 17 E. MISHAN & SONS, INC., | [DISCOVERY MATTER] |
| 18 　　　　　Counterclaimant, | |
| 19 　　　v. | |
| 20 HOMELAND HOUSEWARES, LLC, | |
| 21 　　　　　Counter-defendant. | |
| 22 | |

23        Pursuant to the Stipulation Governing Use and Dissemination of Confidential

24   Information filed by plaintiff and counter-defendant Homeland Housewares, LLC

25   ("Plaintiff") and defendant and counterclaimant E. Mishan & Sons, Inc.

26   ("Defendant"), the Court hereby enters this Protective Order to protect confidential

27   information and material that may be produced or otherwise disclosed by the parties

28   or third parties during the course of discovery in this action.

PROTECTIVE ORDER RE CONFIDENTIALITY

1   **IT IS HEREBY ORDERED THAT:**

2   The following Protective Order shall govern the handling of confidential,

3   proprietary, and trade secret information produced in discovery and/or filed with

4   the Court in this action.

5   **I.   GOOD CAUSE STATEMENT**

6   1.   Consistent with Federal Rule of Civil Procedure 26(c), good cause

7   exists for this Court to enter a Protective Order due to the highly sensitive and

8   proprietary nature of the information to be exchanged through discovery and trial of

9   this action.  The information expected to be sought and produced will likely include

10  "trade secrets," as that term is defined in California Civil Code § 3426.1(d).  "Trade

11  secrets" may include, but are not limited, to customer lists, pricing analysis and

12  information, market surveys and competitive research, corporate financial

13  information and analysis, business strategies, and information related to product

14  development, research and releases.  In addition to the parties' trade secrets,

15  additional information commonly sought and produced in discovery, including draft

16  patent applications, invention disclosures, other patent related information, draft

17  marketing materials, financial information, and personal identifier information,

18  should also be kept confidential due to the sensitive nature of such information.

19  2.   The parties agree that the disclosure to the public of such highly

20  sensitive information may cause competitive injury and damages to the parties'

21  and/or would unnecessarily invade the privacy of a party or other person.

22  Therefore, the parties have stipulated to the entry of this Protective Order on the

23  terms set forth below.

24  / / /

25  / / /

26  / / /

27  / / /

28  / / /

## II.   **INTRODUCTION**

3.     This Protective Order shall govern any document, information or other thing, which is designated as containing "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" information, as defined herein[1] and is furnished by any party or non-party in connection with the above-captioned action ("ACTION").  Documents and other information produced in this ACTION and designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" shall be used only for purposes of this ACTION.  The forms of information which may be subject to this Protective Order include, but are not limited to, documents and things, responses to requests to produce documents or other things, responses to interrogatories, responses to requests for admissions, documents subpoenaed in connection with depositions, deposition testimony and exhibits, deposition transcripts, and all copies, extracts, summaries, compilations, designations and portions thereof (hereinafter referred to collectively as "DISCOVERY MATERIALS").

4.     All DISCOVERY MATERIALS produced in discovery in this case and designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" shall be used solely for the purpose of pre-trial proceedings (including, but not limited to, motions and briefing), settlement, trial preparation and trial, and any appeals in the ACTION.  DISCOVERY MATERIALS shall not be used for any business or non-litigation related purpose whatsoever.

## III.   **DEFINITIONS**

5.     The following definitions apply in this Protective Order:

(A)     The designation "CONFIDENTIAL" may be applied by any party or third party for any DISCOVERY MATERIALS pursuant to this ACTION that contain information or material including, but not limited to: (a) past or current financial information of a party; (b)

---

[1] For the purpose of this order, "HIGHLY CONFIDENTIAL" and "CONFIDENTIAL – ATTORNEYS' EYES ONLY" have the same meaning and effect and can be used interchangeably.

1   information pertaining to a third party which the party has an express

2   or implied obligation to keep confidential; (c) marketing and

3   promotional materials and information; (d) personnel information; and

4   (e) all communications pertaining to the above named information

5   including both manual and electronic correspondence.

6          (B)     Designation of DISCOVERY MATERIALS made by a

7   party to this ACTION shall be a certification to the Court and to the

8   other parties that such information is believed to be Confidential

9   within the meaning of this Protective Order.  Information designated as

10  "CONFIDENTIAL" in accordance with this provision shall be treated

11  as Confidential Information pursuant to the terms hereof until it ceases

12  to be covered by this Protective Order.

13         (C)     The designation "HIGHLY CONFIDENTIAL" or

14  "CONFIDENTIAL – ATTORNEYS' EYES ONLY," may be applied

15  by a party to highly sensitive forms of information, including, but not

16  limited to: (a) trade secrets as defined in Cal. Civ. Code §

17  3426.1(d)(which provides that the term "trade secret" "means

18  information, including a formula, pattern, compilation, program,

19  device, method, technique, or process, that: (1) Derives independent

20  economic value, actual or potential, from not being generally known to

21  the public or to other persons who can obtain economic value from its

22  disclosure or use; and (2) Is the subject of efforts that are reasonable

23  under the circumstances to maintain its secrecy"), including those

24  categories of documents outlined in the parties' Statement of Good

25  Cause above; (b) draft patent applications, invention disclosures, and

26  other information relating to the filing and preparation of patent

27  applications; and/or (c) extremely sensitive "CONFIDENTIAL"

28  information or items whose disclosure to another party or non-party

would create a substantial risk of serious injury that could not be avoided by less restrictive means.  This designation shall be made as sparingly as possible and shall be a certification to the Court and the other parties that such information is believed to be subject to this more restrictive classification within the meaning of this Protective Order.

(D)    "CONFIDENTIAL INFORMATION" refers to all information which is subject to the designations "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" as described above.

(E)    "PARTY" means every party to this ACTION and every director, officer, employee, and managing agent of every party to this ACTION.

(F)    "ORDER" means this Protective Order.

(G)    The scope of this Protective Order shall be understood and interpreted to encompass not only those items or things which consist of or include CONFIDENTIAL INFORMATION, but also any information derived therefrom, and all copies, excerpts, and summaries thereof, as well as testimony and oral conversation derived therefrom or related thereto.

(H)    "PRODUCING PARTY" means a PARTY or non-party that produces Disclosure or DISCOVERY MATERIAL in this action.

(I)    "RECEIVING PARTY" means a PARTY that receives Disclosure or DISCOVERY MATERIAL from a PRODUCING PARTY.

(J)    "DESIGNATING PARTY" means a PARTY or non-party that designates DISCOVERY MATERIALS or other information as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL".

/ / /

## IV.   TERMS OF THE PROTECTIVE ORDER

### A.   Designation

6.     The designation of CONFIDENTIAL INFORMATION shall be made in the following manner:

(A)    For documents, by placing a legend on each page of such document;

(B)    For tangible objects, by placing a label or tag on the object or the container therefor, or, if not practicable, as otherwise agreed;

(C)    For written responses to interrogatories or requests for admissions, in writing, in the relevant responses or on the face of any such responses;

(D)    For declarations or pleadings, in writing in the declaration or pleading or on the face of any such declaration or pleading;

(E)    For depositions, during the deposition or in writing within fifteen (15) days after receipt by the DESIGNATING PARTY of the transcript of the deposition; and

### B.   Designation of Information Produced by Third Parties

7.     Any PARTY may designate documents or things produced by a third party pursuant to a subpoena or otherwise as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" by providing written notice to each other PARTY within fifteen (15) days of receipt of the documents or things produced by the third party.  Such written notice shall specifically identify each page of each document or thing produced by the third party that should be treated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" in accordance with this ORDER.

### C.   Inadvertent Production

8.     Each PARTY retains the right to subsequently re-designate documents and to require such documents to be treated in accord with such designations from

that time forward.  An inadvertent or unintentional failure to designate qualified information or items as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" will not be construed as a waiver, in whole or in part, of (i) any PARTY's claims of confidentiality either as to the specific information inadvertently or unintentionally disclosed or as to any other confidential material disclosed prior or subsequent to that date, or (ii) any PARTY's right to designate said material as CONFIDENTIAL or HIGHLY CONFIDENTIAL pursuant to this Protective Order.  In the event of an inadvertent or unintentional failure to designate qualified information or items, the PRODUCING PARTY shall promptly notify the RECEIVING PARTY that the information is CONFIDENTIAL or HIGHLY CONFIDENTIAL.  The DESIGNATING PARTY further shall provide the RECEIVING PARTY with substitute copies of the affected documents, marked with the appropriate confidentiality designation, at the expense of the DESIGNATING PARTY.

9.     Upon receiving notice of the confidentiality designation of previously-produced materials, the RECEIVING PARTY shall take reasonable steps to retrieve and destroy all undesignated copies of the materials, and shall treat the newly designated materials according to their confidentiality designation under this ORDER.  Prior to a change in designation by the PRODUCING PARTY, however, the RECEIVING PARTY shall not be precluded from use of the information according to its then-existing designation or as undesignated if it had no previous designation.  No PARTY shall be deemed to be in violation of this ORDER with respect to the disclosure of any DISCOVERY MATERIAL to any other persons prior to the designation of that material as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" pursuant to this ORDER.

10.     Inadvertent or unintentional production of privileged or work product information will not be construed as an intentional waiver, in whole or in part, of the privilege or the work product status of the information inadvertently or unintentionally disclosed.  In the event of an inadvertent or unintentional

1   production of privileged or work product information, the PRODUCING PARTY

2   shall promptly notify the RECEIVING PARTY that the information is privileged or

3   is work product.  The PRODUCING PARTY further shall provide the

4   RECEIVING PARTY with substitute copies of the affected documents in which the

5   privileged or work product information has been redacted.

6         11.    Upon receiving notice of the PRODUCING PARTY's claim of

7   privilege or work product status of previously-produced information, the

8   RECEIVING PARTY shall take reasonable steps to retrieve and destroy all un-

9   redacted copies of the materials.

10        12.    Nothing in this ORDER shall affect the right of a party to challenge a

11  confidentiality designation or a claim of privilege or work product through motion

12  practice.  However, no party shall be obligated to challenge the propriety of a

13  confidentiality designation or a claim of privilege or work product and the failure to

14  do so shall not constitute acquiescence as to the appropriateness of the designation

15  or claim of privilege or work product or otherwise preclude a subsequent challenge

16  to the designation or claim of privilege or work product.

17        **D.    <u>Access to CONFIDENTIAL INFORMATION</u>**

18        13.    Access to information marked "CONFIDENTIAL" shall be limited to,

19  and only to, the following persons:

20              (A)    Outside attorneys of record to any PARTY in connection

21              with this ACTION, and, if the attorney of record is a member of a law

22              firm, the employees and staff of the law firm (collectively "OUTSIDE

23              COUNSEL"), provided that before any such person is permitted access

24              to any "CONFIDENTIAL" information, such person shall be informed

25              of the existence and contents of this ORDER;

26              (B)    Organizations retained by OUTSIDE COUNSEL to

27              provide litigation support services in this ACTION, including but not

28              limited to translators, third party photocopy or imaging services

contractors, third-party contractors producing graphic or visual aids involved solely in providing litigation support services to OUTSIDE COUNSEL, and jury consultants, provided that before any such person is permitted access to any of the CONFIDENTIAL information, such person or a supervising individual in his or her organization shall have the signed the "Non-Disclosure Agreement" (Exhibit A);

(C)     Independent outside experts and consultants retained in this ACTION by OUTSIDE COUNSEL or a PARTY, provided that any such actual or contemplated expert or consultant is not an employee of the parties hereto, and subject to the conditions and requirements set forth in this ORDER;

(D)     The officers, directors, and employees (including In-House Counsel) of the RECEIVING PARTY to whom disclosure is reasonably necessary for this litigation and who have signed the "Non-Disclosure Agreement" (Exhibit A), subject to the conditions and requirements set forth herein;

(E)     The Court, its personnel and any court reporters and videographers involved in taking, recording, or transcribing testimony in this ACTION;

(F)     Such other persons as hereafter may be designated by written agreement of the PARTIES in this ACTION or by order of the Court;

(G)     Any mediator who is engaged to assist the PARTIES in settlement negotiations on a confidential basis;

(H)     During their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Non-Disclosure Agreement" (Exhibit A); and

///

(I)     The author of the document or the original source of the information, or persons to whom the document or copies thereof were addressed or delivered.

**E.     Access to HIGHLY CONFIDENTIAL INFORMATION**

14.     Access to information marked "HIGHLY CONFIDENTIAL" shall be limited to the persons identified in Paragraphs 13 (A), (B), (C), (E), (F), (G), and (I) above.

**F.     Disclosure of CONFIDENTIAL INFORMATION**
**        to Outside Experts and Consultants**

15.     CONFIDENTIAL INFORMATION may be shown to outside experts or consultants, together with their clerical personnel, who are retained by a PARTY in connection with this ACTION.  The written agreement of the expert or consultant to be bound by the Non-Disclosure Agreement shall be considered to apply to his or her clerical personnel, and those personnel need not separately execute the Non-Disclosure Agreement.

16.     The PARTIES agree that expert discovery relating to draft reports, disclosures, or communications shall be governed by Federal Rule of Civil Procedure 26(b)(4).

17.     The foregoing notwithstanding, any such expert or consultant who is a competitor of any of the PARTIES in connection with the distribution or sale of personal size household blenders shall not be shown or otherwise given access to documents or information designated as "HIGHLY CONFIDENTIAL."

**G.     Request for Additional Disclosure**

18.     If any counsel of record desires to communicate to any person apart from those permitted under Paragraphs 13 to 17 any information designated as "CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "CONFIDENTIAL," that counsel of record shall first obtain the written consent of the DESIGNATING PARTY through such PARTY's counsel of record or obtain leave of Court to do so.

1 Each person to whom the CONFIDENTIAL INFORMATION is to be given,

2 shown, made available or communicated pursuant to this paragraph must execute a

3 written confidentiality agreement, in the form attached hereto as Exhibit A. Only

4 after all of the foregoing conditions have been fully satisfied may the

5 CONFIDENTIAL INFORMATION be communicated to any person other than

6 those permitted under Paragraphs 13 to 17.

7 **H. Manner of Designating Documents**

8 19. A PARTY shall designate documents containing Confidential

9 Information by placing a legend in plain view on each page of any document that

10 party wishes to protect against disclosure or use. This legend shall state

11 "CONFIDENTIAL," "HIGHLY CONFIDENTIAL," or "CONFIDENTIAL –

12 ATTORNEYS' EYES ONLY," as appropriate. All documents and things shall be

13 marked prior to the provision of a physical copy thereof to the other PARTY.

14 **I. Manner of Designating Depositions**

15 20. In the case of a deposition, counsel for such PARTY may, at the

16 commencement of such deposition, temporarily designate the entire deposition as

17 "CONFIDENTIAL," provided, however, that where such an initial designation has

18 been made, the designating party, within thirty (30) days after receipt of the

19 transcript, shall mark as provided in this ORDER those pages of the transcript as

20 such PARTY shall then deem confidential, (the confidential designation of all

21 remaining pages being rescinded after such period), and shall notify the other

22 PARTY in writing which pages are deemed CONFIDENTIAL INFORMATION.

23 In the event that such notice is not sent within said thirty (30) days of the receipt of

24 the transcript, no portion of the deposition shall thereafter be confidential unless the

25 designating party thereafter notifies the other PARTY that the failure to timely

26 designate occurred by oversight. Notwithstanding the foregoing, any documents

27 used as exhibits at a deposition or attached as exhibits to a deposition transcript that

28 have been designated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL" or

1    "CONFIDENTIAL – ATTORNEYS' EYES ONLY" in accordance with this

2    ORDER shall retain their designated status.

3         **J.**     **Filing Documents With The Court**

4         21.     All information designated as CONFIDENTIAL INFORMATION

5    which is filed or lodged with the court, or any pleading or memorandum purporting

6    to reproduce or paraphrase such information shall be accompanied by an

7    application to file the information, pleading or memorandum or the portion thereof

8    constituting or containing the CONFIDENTIAL INFORMATION material under

9    seal in accordance with Local Rule 79-5.1 and directed to the Judge or to whom the

10   papers are directed.

11        **K.**     **No Effect On PARTY'S Own Use**

12        22.     Nothing contained in this ORDER shall affect the right of a PARTY to

13   disclose or to use any of its own CONFIDENTIAL INFORMATION as it desires.

14        **L.**     **No Effect On Disclosure to Author or Addressees**

15        23.     Nothing contained in this ORDER shall affect the right of a PARTY to

16   disclose any CONFIDENTIAL INFORMATION to the author or addressees of any

17   document containing such information.

18        **M.**     **No Applicability to Public Information**

19        24.     The restrictions on dissemination of CONFIDENTIAL

20   INFORMATION shall not apply to (i) any person in possession or with knowledge

21   of such information prior to disclosure hereunder who, absent this ORDER, is

22   under no restriction regarding its dissemination, but only with respect to the

23   CONFIDENTIAL INFORMATION already in his or her possession or knowledge,

24   or (ii) information which is public knowledge or which after disclosure, becomes

25   public knowledge other than through an act or omission of a PARTY receiving the

26   CONFIDENTIAL INFORMATION.

27   / / /

28   / / /

**N.     Legal Effect of Designations**

25.     The designation by a PARTY of any document, material or information as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL," or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" is intended solely to facilitate discovery in this ACTION.  This ORDER shall not prejudice the right of any PARTY to bring before the Court a motion in compliance with Local Rules 37-1 and 37-2 or other applicable rules seeking a declaration that information produced by another PARTY has been wrongfully designated as CONFIDENTIAL INFORMATION and should not be subject to the terms of this ORDER.  In any challenge to a designation, the designating PARTY bears the burden of proof to establish the necessity of the designation, except that the PARTY bringing such motion shall have the burden of proving that the information designated as CONFIDENTIAL INFORMATION has been publically disclosed or was in possession of the RECEIVING PARTY prior to its disclosure through discovery in this ACTION.

**O.     Unauthorized Disclosure of CONFIDENTIAL INFORMATION**

26.     If a RECEIVING PARTY learns that, by inadvertence or otherwise, it has disclosed CONFIDENTIAL INFORMATION to any person or in any circumstance not authorized under this ORDER, the RECEIVING PARTY must immediately (a) notify in writing the DESIGNATING PARTY of the unauthorized disclosures, (b) use its best efforts to retrieve all copies of the CONFIDENTIAL INFORMATION, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this ORDER, and (d) request such person or persons to execute the "Non-Disclosure Agreement" (Exhibit A).

**P.     Final Disposition of Action**

27.     Within sixty (60) days after the final disposition of this ACTION, including appeals, any PARTY may serve written notice on the other PARTIES demanding that counsel of record for each PARTY:  (a) promptly return to counsel

1    of record for the DESIGNATING PARTY all CONFIDENTIAL INFORMATION

2    and all copies made thereof which are not in the custody of the Court; or (b)

3    promptly destroy or see to the destruction of all writings related thereto, and certify

4    to the designating party that such destruction has been done.  As an exception to the

5    above, counsel of record and other counsel referenced in paragraph 13(J) may retain

6    a single file copy of any pleading, any document filed with the Court, written

7    discovery response, transcript of any deposition or trial testimony, together with all

8    exhibits thereto.  Counsel for the PARTIES may also retain copies of their work

9    product that incorporates, describes, or refers to CONFIDENTIAL

10   INFORMATION.  The copy of these retained documents shall be treated as

11   "CONFIDENTIAL – ATTORNEYS' EYES ONLY" and counsel of record shall

12   immediately notify opposing counsel of record of any attempt by third parties to

13   inspect and/or copy said documents.

14           **Q.**     **Survival of Terms**

15       28.     Absent written modification hereof by the PARTIES hereto or further

16   order of the Court, the provisions of this ORDER that restrict the disclosure and use

17   of CONFIDENTIAL INFORMATION shall survive the final disposition of this

18   ACTION and continue to be binding on all persons subject to the terms of this

19   ORDER.

20           **R.**     **Violation of Order**

21       29.     In the event anyone shall violate or threaten to violate any term of this

22   ORDER, the PARTIES agree that the aggrieved PARTY may immediately apply to

23   obtain injunctive relief against any such person violating or threatening to violate

24   any of the terms of this ORDER and, in the event the aggrieved party shall do so,

25   the respondent person subject to the provisions of this ORDER shall not employ as

26   a defense thereto the claim that the aggrieved PARTY possesses an adequate

27   remedy of law.  The PARTIES and any other person subject to the terms of this

28   ORDER agree that this Court has jurisdiction over such person or party for the

1   purpose of enforcing this ORDER.  In the event that any CONFIDENTIAL

2   INFORMATION is disclosed by a RECEIVING PARTY in violation of this

3   ORDER, the CONFIDENTIAL INFORMATION shall not lose its status through

4   such disclosure, and the PARTIES shall take all steps reasonably required to assure

5   its continued confidentiality.

6        **S.**    <u>**Subpoena in Another Action**</u>

7        30.    Nothing in this ORDER shall be construed as authorizing a party to

8   disobey a lawful subpoena issued in another action. Any PARTY, having received

9   CONFIDENTIAL and/or HIGHLY CONFIDENTIAL Information, that receives a

10  subpoena or other compulsory process seeking the production of all or some of

11  those materials, shall promptly, and before producing such materials, notify in

12  writing:

13      (A)    the requesting party, court or administrative agency of this ORDER;

14  and

15      (B)    Counsel for the DESIGNATING PARTY of the receipt of such

16  compulsory process and provide counsel for the DESIGNATING PARTY with

17  copies of that process.

18       **T.**    <u>**Right to Assert Other Objections**</u>

19       31.    By stipulating to the entry of this ORDER no PARTY waives any right

20  it otherwise would have to object to disclosing or producing any information or

21  item on any ground not addressed in this ORDER.  Similarly, no PARTY waives

22  any right to object on any ground to use in evidence of any of the material covered

23  by this ORDER.  Nothing herein affects, in any way, the admissibility of any

24  document, testimony, or other evidence at trial or restricts the use of information

25  obtained from investigations, interviews or other sources other than via the

26  discovery process, motion practice or voluntary disclosure of information by any

27  PARTY conducted under the terms of this ORDER.

28  / / /

32.     The Court will determine, in its sole discretion, how documents designated as CONFIDENTIAL and/or HIGHLY CONFIDENTIAL will be treated during the trial of this action.  The PARTIES agree to request, prior to trial, that the Court make an appropriate order to maintain the confidentiality of CONFIDENTIAL INFORMATION to the extent practicable.

**U.**     **Modification of Order**

33.     Nothing herein shall preclude any PARTY upon proper notice to all other PARTIES from applying to the Court for any modification of this ORDER, for relief from the restrictions contained in this ORDER, or for further or additional protective orders.

Good cause having been found, **IT IS SO ORDERED**.


Dated: _August 20, 2012_                    _____

                                            Manuel L. Real
                                            United States District Judge

PROTECTIVE ORDER RE CONFIDENTIALITY

**EXHIBIT A**

**NON-DISCLOSURE AGREEMENT**

I, _____, declare under penalty of perjury that:

1.    My address is _____.

2.    My present employer is _____.

3.    My present occupation or job description is _____

_____.

I HEREBY CERTIFY AND AGREE that I have read and understand the terms of the Protective Order ("ORDER") entered in the case of *Homeland Housewares, LLC v. E. Mishan & Sons, Inc.*, United States District Court, Central District of California, Civil Action No. CV 12-1718-R (AJWx), that I will not disclose any CONFIDENTIAL INFORMATION received under the protection of the ORDER to anyone not permitted to receive CONFIDENTIAL INFORMATION under the terms of the ORDER, and agree to be bound by the terms and conditions of the ORDER.

I understand that I am to retain all copies of any of the materials that I receive which have been so designated as CONFIDENTIAL INFORMATION in a container, cabinet, drawer, room or other safe place, and that all copies are to remain in my custody until I have completed my assigned or legal duties, whereupon the copies are to be returned or destroyed as specified in the ORDER. I acknowledge that such return or destruction of such materials shall not relieve me from any of the continuing obligations imposed upon me by the ORDER.

Dated: _____          _____
                                                                    SIGNATURE


                                                              _____
                                                                    PRINT NAME